## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| **WILLIAM HENDERSON,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | **18-424** |
| | ) | |
| **MOBILE COUNTY BOARD OF EDUCATION,** | ) | **JURY DEMAND** |
| | ) | |
| | ) | |
| **DEFENDANT** | ) | |
| | ) | |

## COMPLAINT

### I.     JURISDICTION

1.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343(4), 2201 and 2202.  This suit is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991,  42 U.S.C. Section 2000(e), *et seq*. (hereinafter "Title VII") and 42 U.S.C. § 1981a.  Also through  42 U.S.C. § 1983, Plaintiff seeks to invoke the right to be free from racial discrimination in the making and performance of contracts, as codified in the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("§ 1981"). The jurisdiction of this Court is invoked to secure the protection of and to redress the deprivation of rights secured by Title VII and

42 U.S.C.§ 1981 via 42 U.S.C. § 1983, providing for injunctive and other relief against race discrimination.

2.    Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. § 2000e et seq. Plaintiff timely filed his charge of discrimination within 180 days of the occurrence of the last discriminatory act.  Plaintiff timely filed his lawsuit within 90 days of the receipt of his Right-to-Sue letter from the EEOC.

3.    Venue is proper in the Southern District of Alabama under 28 U.S.C. §1391(b), and the Southern  Division pursuant to Title VII's venue provision, 42 U.S.C. § 2000e-5(f).

## II.    PARTIES

4.    Plaintiff, William Henderson, ("Plaintiff") is an African American citizen of the United States, and a resident of the State of Alabama.

5.    Defendant, Mobile County Board of Education, ("Defendant Board" or "Defendant") is an entity subject to suit under Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1983.

## III.    FACTS

6.    Defendant is the largest school system in the State of Alabama.

2

7.   Martha Peek was the Superintendent of Defendant from December 2011 until June 2018.

8.   Plaintiff began working for Defendant as a teacher in the school system 23 years ago in 1996, and he became an Assistant Principal in July 2005.

9.   During his tenure with the school, Plaintiff served as a teacher, track and field coach, guidance counselor, achievement specialist, administrative intern, assessment team leader, assistant principal, and since filing his EEOC Charge, Plaintiff has been promoted to Principal at a school where the student population is over 95% African American.

10.  On June 16, 2016, Plaintiff applied for a vacant Principal position at Theodore High School.

11.  After submitting his application, Defendant called Plaintiff to interview with a committee, and that committee assigned an overall interview score to each of the applicants based on how they performed during the interview.

12.  Plaintiff was one of thirty (30) individuals who applied for the position and was interviewed by the Committee.  Defendant recommended three candidates for further consideration: Plaintiff, Charles Menton (a white man) and David Diaz (a Hispanic man).

13.  Plaintiff received the highest score from the interview panel amongst the three

candidates.  In particular, the panel gave Plaintiff a significantly higher score than Menton – the panel scored Plaintiff at 130 and Menton at 121, even though Plaintiff was interviewed by six people and Menton was interviewed by seven and the scores are compiled simply by adding each individual interviewer score to get a total.  The highest score an interviewer can give is a 24.  Plaintiff received the following scores from six (6) interviewers (1) 23, (2) 24 (3) 24, (4) 18, (5) 22, (6) 19.  Menton received the following scores from seven (7) interviewers (1) 15, (2) 16, (3) 19, (4) 19, (5) 23, (6) 15, (7) 14.

14.    Next, Defendant required Plaintiff to interview separately with the School Superintendent, Martha Peek, a white woman who had worked for the school system for forty six years, and had served as the permanent Superintendent since 2012.

15.    Contradicting the panel's finding that awarded Plaintiff a significantly higher interview score than Menton, Peek reversed that and said that Menton gave her a better interview than Plaintiff.

16.    After Superintendent Peek's interview, on June 30, 2016 Defendant selected Charles Menton, the white applicant, over Plaintiff for the Principal position at Theodore High School.

17.    In addition to the full panel giving Plaintiff a higher interview score than Menton, Plaintiff's qualifications on paper are superior to those of Menton. Focusing on education, Plaintiff has a Specialist Degree in Educational Leadership, which is a degree beyond a Master's Degree.   Plaintiff also possesses a Master's Degree in School Guidance Counseling, a Bachelor's Degree in Middle Grades Education and an Educational Administrator Class A License.

18.    Menton does not have a Specialist Degree like Plaintiff.

19.    Theodore High School is 67% white.  Defendant made a decision to select Menton because of his white race as Principal of that school where the students are predominately white.

20.    And, Defendant made a decision to not place a black man, Plaintiff, as head of that school because his African American race did not mirror the white majority student population at that school.

21.    Defendant engages in a pattern and practice of assigning white principals to schools where the student population is predominately white and African-American principals to schools where the students are mostly African American.

22.    Plaintiff's African American co-workers who were promoted to Principal were

not called in for follow up interviews with the Superintendent as was Plaintiff.

23.   On July 19, 2016 Plaintiff filed an EEOC charge, and the EEOC thoroughly investigated Plaintiff's allegations of race discrimination.

24.   On February 21, 2018 the EEOC issued a Letter of Determination finding as follows:

> Charging Party alleged that Respondent failed to promote him to the position of High School Principal because of his race, Black.  The Charging Party states that although he was interviewed by a Committee and scored well, he was subjected to a second interview by the Superintendent of Schools and subsequently not selected.

> The Respondent denies the Charging Party's allegation and contends that the White candidate selected for the position had a stronger follow up interview and expressed a more robust focus on developing a balanced academic program.

> Examination of the evidence establishes that the Charging Party was qualified to perform the job responsibilities of the position and scored higher than the White male candidate when interviewed by a panel of several individuals.  The Respondent's contention that the White candidate's interview was stronger was not supported by the evidence of record.

> Based on the foregoing evidence, I conclude there is reasonable cause to believe that Respondent denied the Charging Party a promotion to the position of High School Principal due to his race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

25.   Defendant's articulated reason for its discriminatory failure to select Plaintiff

for promotion to Principal at Theodore is false and/or a pretext for race discrimination. And, in the alternative, even if Defendant had legitimate reasons for not selecting Plaintiff for promotion to Principal at Theodore,   race remained at least a motivating factor in its decision.

## IV.   CAUSES OF ACTION

### Count I – Race Discrimination in Denial of Promotion

26.   Plaintiff re-alleges and incorporates by reference the above factual paragraphs with the same force and effect as if fully set out in specific detail below.

27.   Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq. as amended, and 42 U.S.C. Section 1981a, and 42 U.S.C. Section 1981 via 42 U.S.C. Section 1983.

28.   Defendant discriminated against Plaintiff because of his African American race by taking adverse employment actions up to and including failing to promote him.

29.   Defendant failed to select Plaintiff for promotion to Principal and instead selected a substantially less qualified white male over Plaintiff for the Principal job.

30.   Defendant's articulated reasons for these adverse employment actions, up to

and including failing to promote him to Principal, are not legitimate.

31.    Plaintiff may prevail under a mixed-motive theory, as even if Defendant had other legitimate or illegitimate reasons for the actions it took towards him, race remained at least a motivating factor in the adverse employment actions Defendant took against Plaintiff.

32.    Said discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

33.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory damages is his only means of securing adequate relief.

34.    Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## V.    DAMAGES

35.    Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish, and lost wages as a consequence of Defendant's unlawful conduct.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction

8

of this action and after trial:

1.    Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., and 42 USC § 1981 via 42 USC § 1983.

2.    Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq, and 42 USC § 1981 via 42 USC § 1983.

3.    Enter an Order requiring Defendant to make Plaintiff whole by awarding him the position and salary level he would have occupied absent discrimination, backpay, front pay if placing him in the position is not possible, lost wages (plus interest), medical expenses, compensatory damages, post judgment interest, loss of benefits including retirement, pension, seniority and other benefits of employment.

4.    Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and

9

expenses.

## JURY DEMAND

**Plaintiff Demands a Trial by Struck Jury**.

Respectfully submitted,

/s/ Jon C. Goldfarb
Jon C. Goldfarb asb-5401-f58j
L. William Smith asb-8660-a61s
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS,
FISHER & GOLDFARB, LLC.
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANT'S ADDRESS:**
**MOBILE COUNTY BOARD OF EDUCATION**
**c/o Dr. William Foster, President**
**1 Magnum Pass - Building 1**
**Mobile, AL 36618**